UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANA WILLIAMS,

Plaintiff,

v.

CITY OF FRESNO, *et al.*

Defendants.

No. 1:26-cv-4366-KES-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDATING THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER

(ECF No. 4)

## I. INTRODUCTION

Plaintiff Jana Williams proceeds *pro se* and *in forma pauperis* (IFP) in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 3). Plaintiff filed the complaint on June 8, 2026, in which she claims Defendants posted notices and warrants on a vacant property, made entry onto real property, and removed some of Plaintiff's personal property.

The Court screened Plaintiff's complaint on July 6, 2026, finding that her complaint failed to state any cognizable claims subject to the Court's jurisdiction. (ECF No. 4 at 1). Specifically, the Court stated Plaintiff's complaint failed to state any cognizable claims, as well as failing to comply with Federal Rules of Civil Procedure 8 because her complaint lacked a short and plain statement of her claims. (*See* ECF No. 4). The Court gave Plaintiff thirty days to file an amended complaint or notify the Court that she wished to stand on her complaint. (*Id.* at 1-2). Additionally, the Court warned Plaintiff that, if she chose to stand on her complaint, the Court would issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons set forth in this order. The Court also warned

Plaintiff that if she failed to file anything, the Court will recommend that the case be dismissed. (*Id.* at 2).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## II. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint names three defendants: City of Fresno, City of Fresno Code Enforcement Division, and Josh Anacleto. Plaintiff alleges that real property located at 2618 N. Wishon Ave. Fresno, CA was subjected to city code enforcement. Plaintiff claims the property was vacant, and Defendants were informed that property was vacant, yet Defendants posted notices and warrants at the property. (ECF No. 1 at 2-3). Plaintiff provided defendants with a "trustee contact" identifying the individual as the person to receive communications regarding the property. (*Id.*).

Plaintiff claims Defendants entered the property and "undertook cleanup, abatement, removal, and disposal activities." (*Id.* at 3). Plaintiff further claims that Defendants locked and denied or otherwise impaired Plaintiff's access to the property. Plaintiff later became a "successor trustee and beneficiary associated with the property interests" and that personal property was lost, removed, discarded, or rendered inaccessible. (*Id.* at 4). Plaintiff states she requested an itemized accounting of the cleanup and charges associated, but Defendants have failed to provide such. (*Id.*).

\\\

\\\

\\\

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### a. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual

connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**b. City of Fresno and Code Enforcement Division are Improper Defendants**

Plaintiff's complaint names City of Fresno and City of Fresno Code Enforcement Division as defendants, without identifying a basis for their liability under Section 1983.

In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), the Supreme Court held that "municipalities and other local government units" are "included among those persons to whom § 1983 applies." However, municipalities cannot "be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. at 691; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983, local governments are responsible only for 'their *own* illegal acts'") (citation omitted).

This rule has been extended to various departments within a city, including police and sheriff departments. Specifically, "municipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Rivera v. County of Los Angeles,* 745 F.3d 384, 389 (9th Cir. 2014).

Plaintiff's complaint does not allege that the City of Fresno or its Code Enforcement Division implemented any policy that led to a violation of Plaintiff's constitutional rights. Plaintiff claims that defendants failed to give her proper notice of municipal code violations, failed to abide by her instructions, failed to provide an accounting of the charges for the removal and disposal of property, and deprived her of property. However, Plaintiff does not describe policies or customs by the City of Fresno and its Enforcement Division, rather than individual City employees, that led to these alleged incidents.

For these reasons, Plaintiff's complaint fails to state a constitutional claim under section 1983 against defendants City of Fresno and City of Fresno Code Enforcement Division.

**c. Lack of Short and Plain Statement**

Plaintiff's complaint is subject to dismissal because it lacks a short and plain statement of the claim, as required by Rule 8 of the Federal Rules of Civil Procedure.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Additionally, a complaint should not be pled in a "shotgun" manner, which occurs when

> a party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.

5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024). There are four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint;
>
> (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

> (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and
>
> (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

35A C.J.S. *Fed. Civ. Proc.* § 310 (2025); *see also* 61A Am. Jur. 2d *Pleading* § 159 (2025) (discussing the "four rough types or categories of shotgun pleadings").

Plaintiff's complaint is a "shotgun" pleading that does not contain a short and plain statement of Plaintiff's claims, as required by Rule 8. Plaintiff's complaint does not clearly explain what conduct any individual defendant did or failed to do that violated her constitutional rights. Plaintiff's complaint groups all defendants together in her factual description, without stating what any individual defendant did or failed to do. Moreover, Plaintiff's causes of action refer generally to the facts asserted and do not make clear what underlying facts support each cause of action. Plaintiff's complaint also includes many conclusory statements such as "Defendants knew or should have known accommodation and timing considerations," without describing specific facts that would support these conclusions. (ECF No. 1 at 4).

Plaintiff's complaint thus fails to satisfy Rule 8's requirement of a short and plain statement and is subject to dismissal on that basis. *Gibson,* 165 F.4th at1289 (9th Cir. 2026) ("It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts.").

**d. Deprivation of Property in violation of the Fourteenth Amendment Due Process**

Plaintiff's first cause of action asserts a violation of procedural due process based on ineffective notice of code violations leading to a deprivation of property.

The Due Process Clause prohibits government officials from arbitrarily depriving a person of her constitutionally protected liberty or property interests. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025–26 (9th Cir. 2007). But "only 'egregious official conduct can be said to be arbitrary in the constitutional sense': it must amount to an

'abuse of power' lacking any 'reasonable justification in the service of a legitimate governmental objective.'" *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008). Only conduct that "shocks the conscience" violates the Due Process Clause. *United States v. Salerno*, 481 U.S. 739, 746, (1987).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976); *see also MacLean v. Dep't of Homeland Sec.,* 543 F.3d 1145, 1151 (9th Cir.2008). *Mathews* provides the following as guidelines to examine

> [F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Brittain v. Hansen,* 451 F.3d 982, 1000 (9th Cir.2006) (quoting *Mathews,* 424 U.S. at 334–35). In a court's "balancing" of the Mathews factors, "the requirements of due process are 'flexible and call for such procedural protections as the particular situation demands.'" *Vasquez v. Rackauckas,* 734 F.3d 1025, 1044 (9th Cir.2013) (citing *Wilkinson v. Austin,* 545 U.S. 209, 224–252 (2005)) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972)); *see also Wynar v. Douglas Cnty. School Dist.,* 728 F.3d 1062, 1073 (9th Cir.2013). A procedural due process analysis occurs in two steps. "The first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Vasquez,* 734 F.3d at 1042 (quoting *United States v. Juvenile Male,* 670 F.3d 999, 1013 (9th Cir.2012)

Additionally, the Supreme Court has held that "the Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property, provided that the state makes available a meaningful postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 531 (1984). "California law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-95). "[P]ostdeprivation remedies do not satisfy due process where a

deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action." *Hudson*, 468 U.S. at 532.

Plaintiff's complaint fails to state a constitutional claim for violation of the due process clause under these standards. As explained above, Plaintiff does not describe any relevant facts regarding what any individual defendant did or failed to do and how such action or inaction led to a deprivation of Plaintiff's property. Plaintiff fails to specifically identify what property was taken from her, whether it was taken as part of a legal proceeding or some other manner, and if she actually owned the property at the time it was taken. She also does not describe what procedures were followed before the property was taken. Moreover, Plaintiff does not allege that the property was taken pursuant to established state procedure, versus the unauthorized conduct of an individual.

For these reasons, Plaintiff's complaint fails to state a claim for violation of her right to procedural due process.

**e. Fourth Amendment**

Plaintiff's complaint lists the second cause of action as violation of the Fourth Amendment.

The Fourth Amendment of the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno,* 500 U.S. 248, 250 (1991) (citations omitted). "[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus, "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (second alteration in original) (internal quotation marks and citations omitted). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Id.* at 382. Property readily visible in

within curtilage is such an exception to the warrant requirement because "officers [need not] shield their eyes when passing by a home on public thoroughfares." *United States v. Perea–Rey,* 680 F.3d 1179, 1186 (9th Cir.2012) (citing *California v. Ciraolo,* 476 U.S. 207, 213, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986)).

Under the Fourth Amendment warrant requirement, entry onto private property to abate known nuisances requires a warrant. *Conner v. City of Santa Ana*, 897 F.2d 1487, 1490 (9th Cir.1990). It is clear that "the warrant requirement of the fourth amendment applies to entries onto private land to search for and abate suspected nuisances." *Id.,* at 1490 (footnote omitted) (citing *Michigan v. Tyler,* 436 U.S. 499, 504–07(1978); *Camara v. Municipal Court,* 387 U.S. 523, 530 (1967)); *see also Schneider v. County of San Diego,* 28 F.3d 89, 91 (9th Cir.1994). It is also clear that removing personal property is a seizure within the meaning of the Fourth Amendment. *See e.g. Miranda v. City of Cornelius,* 429 F.3d 858, 862 (9th Cir.2005).

Plaintiff fails to state a claim for violation of her Fourth Amendment right under these legal standards. As described above, Plaintiff's complaint does not clearly describe what any defendant did or failed to do that violated her constitutional rights. Plaintiff's complaint does not clearly allege that she was the owner of specific property that any individual defendant entered onto or removed without a warrant. On the contrary, Plaintiff's complaint alleges that "Defendants allegedly continued posting notices and warrants upon the property," which indicates that Defendants had warrants for their activities. Plaintiff's complaint also states that she "later became a successor trustee and beneficiary with the property interests and assumed responsibilities connected to the property," which indicates that she did not have an ownership interest in the property at the relevant time. (ECF No. 1 at 3).

For these reasons, Plaintiff's complaint fails to state a claim for violation of the Fourth Amendment.

**f. ADA Claim**

Plaintiff's third cause of action asserts a violation of the Americans with Disabilities Act ("ADA").

Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), and section

504 of the Rehabilitation Act, 29 U.S.C. § 794(a) ("RA"), provide certain rights to individuals with disabilities. The Ninth Circuit has explained the relevant provisions as follows:

> Title II of the ADA and § 504 of the RA both prohibit discrimination on the basis of disability. The ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs. Title II of the ADA provides:
>
> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Similarly, the RA provides:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ....

29 U.S.C. § 794(a).

> To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability. To establish a violation of § 504 of the RA, a plaintiff must show that (1) she is handicapped within the meaning of the RA; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance.

*Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (case citations omitted).

With these standards in mind, Plaintiff has failed to establish that any defendant discriminated against her based on a disability. As an initial matter, Plaintiff has not established that she is disabled. The only reference to a disability is the statement "Plaintiff Jana Williams has physical limitations affecting mobility and functioning." (ECF No. 1 at 4). Nor has Plaintiff alleged facts indicating that she was excluded from participation in a service, program, or activity because of her disability.

As such, Plaintiff has failed to state a claim for violation of the ADA.

**g. Conversion/Trespass to Chattels**

Plaintiff's fourth cause of action asserts a claim for conversion and trespass to chattels under California Law against Defendants for not exercising reasonable care in the preparation,

maintenance, or correction of government records. (ECF No. 7 at 14).

As an initial matter, although a federal court may exercise supplemental jurisdiction over state law claims, a court may do so only if the case also includes a federal claim that provides the court with original federal jurisdiction. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (noting that § 1367(a)'s "plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it"). Here, as discussed above, the complaint does not allege a cognizable federal claim; accordingly, the Court lacks original federal jurisdiction. Without original federal jurisdiction, the Court does not have supplemental jurisdiction over Plaintiff's state law claims.

Even setting aside this issue, Plaintiff fails to state a claim for conversion or trespass to chattels. Under California law, to establish conversion, a plaintiff must show: (1) plaintiffs' ownership or right to possession of the property at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages. *Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir.1981). The elements of trespass to chattels under California law are: (1) dispossessing another of the chattel, or (2) using or intermeddling with a chattel in the possession of another. *Jamgotchian v. Slender*, 170 Cal.App.4th 1384, 89 Cal.Rptr.3d 122, 134 (2009).

Plaintiff's complaint does not allege facts that would establish these elements. Plaintiff does not clearly allege that she had ownership or right to possession of property when Defendants allegedly converted that property. Plaintiff fails to describe how any individual defendant wrongfully disposed of her property rights or dispossessed her of her property. Plaintiff also does not allege any underlying wrongful action.

Lastly, California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v.*

*California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1243. Here, Plaintiff has failed to allege compliance with California's Government Claims Act.

For all the above reasons, Plaintiff's complaint fails to state a claim for conversion/trespass to chattels under California law.

**V. FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER**

The Court will also recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.)* (citations omitted). Plaintiff has failed to respond to the Court's screening order. The failure to respond delays the case and interferes with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." (*Id.)* (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that

is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. (*Id.)*

After weighing the factors, the Court finds that dismissal is appropriate.

## VI. CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, it is **RECOMMENDED** that:

1. This action be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's

factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 21, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE