UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA WILLIAMS,<br>Plaintiff,<br>v.<br>CITY OF FRESNO, et al.,<br>Defendants. | Case No. 1:26-cv-04366-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Jana Williams proceeds *pro se* and *in forma pauperis* (IFP) in this action. (ECF Nos. 1, 3).

Plaintiff filed her first complaint on June 8, 2026, claiming that Defendants violated her rights when they posted notices and warrants on a vacant property, made entry onto real property, and removed some of Plaintiff's personal property.

On July 6, 2026, the Court screened Plaintiff's complaint and found that Plaintiff had failed to state any cognizable claims. (ECF No. 4). The Court provided Plaintiff with leave to file an amended complaint, or to notify the Court that she wished to stand on her complaint. (*Id.*).

Plaintiff filed a first amended complaint on October 19, 2026, which is now before the Court for screening. (ECF No. 8). Like her original complaint, Plaintiff's amended complaint

sues the City of Fresno and city personnel related to a code enforcement action concerning property at 2618 N. Wishon Avenue.

Upon review of the First Amended Complaint, the Court recommends that Plaintiff's first amended complaint be dismissed with prejudice without further leave to amend.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. BACKGROUND

### a. Plaintiff's Complaint and Screening Order

In her initial complaint, Plaintiff sued the following Defendants: City of Fresno, City of Fresno Code Enforcement Division, and Josh Anacleto. (ECF No. 1 at 2-3). The complaint asserted 4 causes of action, including violations of 42 U.S.C. § 1983 for procedural due process under the Fourteenth Amendment; unreasonable seizure under the Fourth Amendment; a violation of the Americans with Disabilities Act; and a California state law claim for conversion and trespass to chattels. (*Id.* at 5-6).

The Court screened Plaintiff's complaint on July 6, 2026, and found that Plaintiff's complaint failed to state any cognizable claims and was subject to dismissal. (ECF No. 4). The Court provided Plaintiff with leave to file an amended complaint, or to notify the Court that she wished to stand on her complaint. (*Id.*).

### b. Plaintiff's First Amended Complaint[1]

Plaintiff filed her first amended complaint on October 19, 2026. (ECF No. 8). In the amended complaint, Plaintiff asserts the fives causes of action: (1) violation of her right to procedural due process under the Fourteenth Amendment; (2) unreasonable seizure under the Fourth Amendment; (3) disability discrimination in violation of the Americans with Disabilities

[1] For readability, minor alterations, like correcting misspellings, have been made to some of Plaintiff's quotations without indicating each change.

Act; (4) conversion in violation of California state law; and (5) trespass to chattels in violation of California state law. (*Id.* 6-8). She brings these claims against the following Defendants: the City of Fresno; Fresno code enforcement officer Josh Anacleto (sued in his individual capacity); and Doe Defendants 1-50. (*Id.* at 3).

Plaintiff's first amended complaint asserts the same general allegations as her original complaint. Specifically, Plaintiff alleges the following:

The City of Fresno initiated code enforcement activity concerning property located at 2618 N. Wishon Ave. On June 25, 2025, an individual named David Dawson notified Defendant Anacleto, Code Enforcement Department, in writing by email that the property was vacant. (*Id.* at 3). Plaintiff claims despite receiving the email on June 25, 2025, the City posted a notice of entry and warrant at the property. (*Id.* at 4). Plaintiff states that this method was inadequate because Plaintiff could not have received the warrant and notice of entry in a timely manner. Plaintiff alleges that the City had alternative methods of communication available, including a phone number, email, or alternative physical addresses where notices may have been provided. (*Id.* at 4).

Plaintiff's amended complaint then alleges that City personnel entered the property, pursuant to the warrant or other claimed authority. (*Id.* at 4) Plaintiff claims that "those actions were unlawful because the warrant itself and the service of warrant were unconstitutional." (*Id.*). Plaintiff alleges that undisclosed possessions and property were "removed, damaged, discarded, or made inaccessible." Plaintiff states that she was Trustee of the property and did not consent to entry.

Plaintiff also alleges that she "has physical impairments that substantially limit [sic]." (*Id.* at 5). Plaintiff claims that she informed the City of her disability limitations and requested accommodation, but the City of Fresno failed to implement that accommodation.

Plaintiff claims she requested an itemized accounting, including invoices, contractor information, disposal records, entry records, and photographs but Defendants did not respond within the applicable period. (*Id.* at 5).

Plaintiff alleges she suffered loss of property, access to the property, mental and

emotional duress, and physical and monetary hardship. (*Id.*).

## III. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### a. Lack of Plain and Short Statement

As an initial matter, Plaintiff's amended complaint is subject to dismissal under Rule 8 of the Federal Rule of Civil Procedure because it does not contain a short and plain statement of any claim.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

With these standards in mind, Plaintiff's amended complaint fails to comply with Rule 8. Plaintiff's amended complaint fails to provide a short and plain statement as to why she is entitled to relief against each defendant for each claim. Plaintiff's amended complaint does not clearly explain what conduct any individual defendant did or failed to do that violated her constitutional rights. Plaintiff's amended complaint groups all defendants together in her factual description, without stating what any individual defendant did or failed to do. Plaintiff only sues one named individual defendant, Josh Anacleto, and in the factual allegations merely

states that he was notified that the residence was vacant.

Plaintiff also does not describe any facts regarding the code enforcement action. Plaintiff does not describe any facts regarding the contents of the warrant, the codes at issue, or the purported legal basis of the City's actions. Instead, Plaintiff's amended complaint states "The entry was undertaken pursuant to IDENTIFY WARRANT OR OTHER CLAIMED AUTHORITY." (ECF No. 8, at p. 4). Similarly, she describes her loss by stating "the following property was removed, damages, discarded, or made inaccessible: undis[c]losed possessions and properties." (*Id.* at 4). She also refers to her objection to "City's claimed expenditures and charges," but does not describe those charges with any more specificity.

Moreover, Plaintiff's causes of action refer generally to the facts asserted and do not make clear what underlying facts support each cause of action. Instead, they contain legal conclusions such as "Plaintiff possessed a constitutionally protected property or possessory interest," "Defendants, acting under color of state law, deprived Plaintiff of that interest," "Defendants entered, searched, removed, destroyed, or otherwise meaningfully interfered with that protected interest," and "The challenged conduct occurred and was carried out." (*Id.* at 7). Statements such as these are merely "[t]hreadbare recitals of the elements of a cause of action … supported by mere conclusory statements…" *Ashcroft* 556 U.S. at 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In conclusion, Plaintiff's amended complaint fails to comply with Rule 8 as it does not contain a short and plain statement of the claims as required and is subject to dismissal on that basis.

**b. Improper Defendants**

Plaintiff's amended complaint also the City of Fresno as a defendant, without identifying a basis for their liability under Section 1983.

In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), the Supreme Court held that "municipalities and other local government units" are "included among those persons to whom § 1983 applies." However, municipalities cannot "be held liable

unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*. at 691; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983, local governments are responsible only for 'their *own* illegal acts'") (citation omitted).

This rule has been extended to various departments within a city, including police and sheriff departments. Specifically, "municipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Rivera v. County of Los Angeles,* 745 F.3d 384, 389 (9th Cir. 2014).

Plaintiff's amended complaint does not allege that the City of Fresno enacted any policy that led to a violation of Plaintiff's constitutional rights. Plaintiff claims that Defendant failed to give her proper notice of municipal code violations, failed to abide by her instructions, failed to provide an accounting of the charges for the removal and disposal of property, and deprived her of property. However, Plaintiff does not adequately describe policies or customs by the City of Fresno that led to a deprivation of her rights.

For these reasons, Plaintiff's complaint fails to state a constitutional claim under section 1983 against Defendant City of Fresno.

**d. Deprivation of Property in violation of Fourteenth Amendment**

Plaintiff's individual causes of action also fail to state cognizable claims.

Plaintiff's first cause of action is for a violation of procedural due process based on ineffective notice and lack of an opportunity to be heard.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of

the Fifth or Fourteenth Amendment." *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976); *see also MacLean v. Dep't of Homeland Sec.,* 543 F.3d 1145, 1151 (9th Cir.2008). *Mathews* provides the following as guidelines to examine

> [F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Brittain v. Hansen,* 451 F.3d 982, 1000 (9th Cir.2006) (quoting *Mathews,* 424 U.S. at 334–35). A procedural due process analysis occurs in two steps. "The first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Vasquez,* 734 F.3d at 1042 (quoting *United States v. Juvenile Male,* 670 F.3d 999, 1013 (9th Cir.2012)

Plaintiff's amended complaint fails to state a constitutional claim for violation of the due process clause under these standards. As explained above, Plaintiff does not describe any relevant facts regarding what any individual defendant did or failed to do and how such action or inaction led to a deprivation of Plaintiff's property. She merely states that Defendants had knowledge that posting a notice on vacant property would not be effective service and she had a constitutional right to adequate notice. (ECF No. 8 at 6). Plaintiff fails to identify what property was taken from her and whether it was taken as part of a legal proceeding or some other manner. Plaintiff does not describe any specific facts about the code enforcement action that would set forth a constitutional violation of procedural due process. Plaintiff does not describe any actions she took to object to the action, and the response to such actions. Besides the posting of a notice and warrant, she does not describe what procedures were followed before or after the property was taken.

For these reasons, Plaintiff's complaint fails to state a claim for violation of her right to procedural due process.

\\\

**e. Fourth Amendment**

Plaintiff's amended complaint lists the second cause of action as violation of the Fourth Amendment.

The Fourth Amendment of the United States Constitution provides:

> IV. The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno,* 500 U.S. 248, 250 (1991) (citations omitted). "[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus, "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (second alteration in original) (internal quotation marks and citations omitted). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Id.* at 382.

Under the Fourth Amendment warrant requirement, entry onto private property to abate known nuisances requires a warrant. *Conner v. City of Santa Ana*, 897 F.2d 1487, 1490 (9th Cir.1990). It is clear that "the warrant requirement of the fourth amendment applies to entries onto private land to search for and abate suspected nuisances." *Id.,* at 1490 (footnote omitted) (citing *Michigan v. Tyler,* 436 U.S. 499, 504–07(1978); *Camara v. Municipal Court,* 387 U.S. 523, 530 (1967)); *see also Schneider v. County of San Diego,* 28 F.3d 89, 91 (9th Cir. 1994). It is also clear that removing personal property is a seizure within the meaning of the Fourth Amendment. *See e.g. Miranda v. City of Cornelius,* 429 F.3d 858, 862 (9th Cir .2005).

Plaintiff fails to state a claim for violation of her Fourth Amendment right under these legal standards. Plaintiff's amended complaint indicates that the City acted pursuant to a warrant. Although Plaintiff states that "the warrant itself and the service of warrant were

unconstitutional," she does not describe how the warrant was defective. Nor does she describe any attempts to challenge the warrant or the results of those objections. Thus, based on the facts alleged in the amended complaint, Plaintiff has failed to allege a violation of the Fourth Amendment.

For these reasons, Plaintiff's amended complaint fails to state a claim for violation of the Fourth Amendment.

**f. ADA Claim**

Plaintiff's third cause of action asserts a violation of the Americans with Disabilities Act ("ADA").

Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), and section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) ("RA"), provide certain rights to individuals with disabilities. The Ninth Circuit has explained the relevant provisions as follows:

> Title II of the ADA and § 504 of the RA both prohibit discrimination on the basis of disability. The ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs. Title II of the ADA provides:
>
> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Similarly, the RA provides:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ....

29 U.S.C. § 794(a).

> To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability. To establish a violation of § 504 of the RA, a plaintiff must show that (1) she is handicapped within the meaning of the RA; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services

receives federal financial assistance.

*Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (case citations omitted).

With these standards in mind, Plaintiff has failed to establish that any defendant discriminated against her based on a disability. As an initial matter, Plaintiff has not alleged facts indicating that she has a disability. In the factual description, she alleges "Plaintiff has physical impairments that substantially limit," but does not otherwise describe the impairment or limitations. Similarly, in her claim, the only reference to a disability is the statement "Plaintiff is a qualified individual with a disability within the meaning of the ADA." (ECF No. 8 at 7).

Nor has Plaintiff alleged facts indicating that she was excluded from participation in a service, program, or activity because of her disability. Plaintiff states that she requested accommodation and failed to receive that accommodation, but does not describe what she requested or how it was related to her disability.

As such, Plaintiff has failed to state a claim for violation of the ADA.

**g. Conversion/Trespass to Chattels**

Plaintiff's fourth and fifth causes of action assert claims for conversion and trespass to chattels under California Law against Defendants for interfering with her right to possess certain property. (ECF No. 8 at 8)

As an initial matter, although a federal court may exercise supplemental jurisdiction over state law claims, a court may do so only if the case also includes a federal claim that provides the court with original federal jurisdiction. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (noting that § 1367(a)'s "plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it"). Here, as discussed above, the amended complaint does not allege a cognizable federal claim; accordingly, the Court lacks original federal jurisdiction. Without original federal jurisdiction, the Court does not have supplemental jurisdiction over Plaintiff's state law claims.

Even setting aside this issue, Plaintiff fails to state a claim for conversion or trespass to chattels. Under California law, to establish conversion, a plaintiff must show: (1) plaintiffs' ownership or right to possession of the property at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages. *Tyrone Pac. Intern., Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir.1981). The elements of trespass to chattels under California law are: (1) dispossessing another of the chattel, or (2) using or intermeddling with a chattel in the possession of another. *Jamgotchian v. Slender*, 170 Cal.App.4th 1384, 89 Cal.Rptr.3d 122, 134 (2009).

Plaintiff's amended complaint does not allege facts that would establish these elements. Plaintiff fails to describe how any individual defendant wrongfully disposed of her property rights or dispossessed her of her property. Plaintiff also does not allege any underlying wrongful action. Rather, she alleges that the City acted pursuant to a warrant and legal authority, although she generally claims that such warrant was invalid.

Lastly, California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1243. Here, Plaintiff has failed to allege compliance with California's Government Claims Act.

For all the above reasons, Plaintiff's complaint fails to state a claim for conversion/trespass to chattels under California law.

## V. CONCLUSION AND ORDER

For these reasons, the Court recommends that the First Amended Complaint be dismissed. Moreover, because the Court previously screened Plaintiff's original complaint,

provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend her complaint, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 8) be dismissed for failure to state a claim with prejudice and without further leave to amend.
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 24, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE